UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KREISCHER, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00221 |
| v. | (SAPORITO, M.J.) |
| E. DAVID CHRISTINE, JR., et al., | |
| Defendant. | |

## **MEMORANDUM**

This case is assigned to us upon consent of the parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc.11.) The matter is now before the court on the defendants' motion to dismiss. (Doc. 6). The plaintiff, Michael Kreischer, initiated this action by the filing of a complaint on February 8, 2021. In the complaint, Kreischer asserts claims for a Fourteenth Amendment violation under 42 U.S.C. § 1983, and state law defamation and civil conspiracy.

In the defendants' motion to dismiss, they seek dismissal of the plaintiff's § 1983 defamation claims, his claims against the defendants in their official capacities, and his request for punitive damages against the defendants in their official capacities.

For the reasons set forth herein, we will grant the motion in part and deny it in part.

## I. Statement of Facts

Kreischer was a county detective in the Monroe County District Attorney's Office from September 2016 to March 1, 2019. Kreischer alleges that his termination from employment occurred because he repeatedly complained about wrongdoing and illegal conduct within the district attorney's office. Kreischer named as defendants District Attorney E. David Christine, Assistant District Attorney Michael Mancuso, and county detectives Eric Kerchner, Mario Orlando, and Wendy Bentzonie Serfass.

In his complaint, Kreischer alleges that in February 2019, he complained to his supervisors that his fellow county detectives smoked seized contraband cigarettes, rather than destroy them. (Doc. 1 ¶ 13). He also complained to his supervisors that the district attorney's office failed to comply with state law and regulations regarding accessing and maintaining files related to gang activity. (*Id.* ¶ 14).

On March 1, 2019, Kreischer received a text message from Chief Detective Kerchner advising him that his employment was terminated.

(*Id.* ¶ 30).  Kreischer filed an application for unemployment compensation benefits with the Commonwealth of Pennsylvania.  In late March 2019, Kreischer was informed by a representative of the Pennsylvania Department of Labor that his employment was terminated for aiding and abetting a fugitive, but the district attorney's office did not provide confirming documentation to support that allegation.  (*Id.* ¶ 35).

Kreischer also alleged that his application for unemployment compensation benefits was opposed because he allegedly assisted a woman named "Jessica" who was purportedly wanted by the police. Kreischer further alleged that Jessica saved his life in an incident involving gang activity and he helped her obtain housing and drug addiction treatment.  (*Id.* ¶ 19).  Despite Jessica's failure to appear for a court-ordered drug arrest, Kreischer met with her for the purpose of urging her to report for her drug treatment session. (*Id.*).  He also alleged that the defendants falsely accused him of having an illicit relationship with Jessica, for shielding a fugitive, and for refusing to believe his version of their relationship.  (*Id.* ¶ 20).

In addition, Kreischer alleges in the complaint that the defendants made defamatory communications about him to third parties

involving alleged illegal misconduct. Specifically, Kreischer alleges that the defendants publicly asserted to third parties that he shielded a fugitive, had sex with her, and engaged in a scheme to defraud her of money by preventing her from seeing her child. (*Id.* ¶¶ 20-21, 33-38, 46-48).

In his brief, Kreischer concedes that the court can dismiss his claims against the defendants in their official capacities and his request for punitive damages against them in their official capacities. (Doc. 8, at 1 n.1).

## II. *Legal Standard*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the court may consider the facts alleged on the face of the

complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegations." *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia,* 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

### *III. Discussion*

Kreischer asserts a § 1983 claim in Count I based upon two theories. First, he claims that by speaking out about wrongdoing in the district attorney's office, the defendants retaliated against him and discharged him. Second, Kreischer contends that the defendants defamed him and

the injury to his good name and reputation is the deprivation of a liberty interest protected by the Fourteenth Amendment's due process clause. In Count II of the complaint Kreischer alleges that after his termination, the defendants and others acting at their request falsely told third parties that he violated the Pennsylvania Crimes Code by aiding a fugitive. Finally, in Count III, Kreischer contends that the defendants conspired against him in a scheme to harm him.

To make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right of interest. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). This is known as the "stigma-plus" test. *Id. Hill* set forth the standards in the public employment context as follows:

> In the public employment context, the "stigma-plus" test has been applied to mean that when an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination," it deprives the employee of a protected liberty interest. The creation and dissemination of a false and defamatory impression is the "stigma," and the termination is the "plus." When such a deprivation occurs, the employee is entitled to a name-clearing hearing.
> To satisfy the "stigma" prong of the test, it must be alleged that the purportedly stigmatizing

> statement(s) (1) were made publicly and (2) were false.

*Id.* (citations omitted).

Kreischer has alleged that the defendants defamed him by accusing him of various forms of misconduct to public offices, law enforcement agencies, PNC Bank officials and employees, and his family and friends. He has alleged that the accusations were not true, they injured his good name and reputation causing pain, injury, emotional distress, and financial losses. The complaint adequately alleges the "stigma" prong of the "stigma-plus" test.

In the public employment context, a person's loss of employment to which he did not hold a state law-created property interest is a sufficient "plus." *Id.* at 237; *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972). Where a public employee who is defamed in the course of being terminated or constructively discharged satisfies the "stigma-plus" test even if, as a matter of state law, he lacks a property interest in the job he lost. *Hill*, 455 F.3d at 239. Here, Kreischer sufficiently alleges that he was defamed in the course of being terminated. Thus, we will deny the defendants' motion as to Kreischer's § 1983 defamation claim.

Based on the plaintiff's concessions, we will grant the motion as to his official capacity claims and claim for punitive damages.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: November 4, 2021